21    433
129    641

No. 92.—ALLEN B. DRUMMOND, and others, plaintiffs in error, *vs.* ROBERT S. HARDAWAY, defendant in error.

The *heirs* of D. filed a bill against H. alledging that H. was indebted to D. at the time of his death, and that D. left no creditors, and praying for an account of the debt. H. demurred to the bill, insisting that if liable at all, he was liable only to an *administrator*, of D.
*Held*, That this was not a sufficient ground of demurrer.

In Equity, in Muscogee Superior Court. Decision upon demurrer, by Judge WORRILL, May Term, 1856.

The bill in this case was filed by Allen B. Drummond and others, heirs at law of Robert Drummond an idiot, late of the county of Russell and State of Alabama, deceased, against Robert S. Hardaway of the county of Muscogee and State of Georgia.

The bill alleges that in the year 1816, John Drummond of Brunswick county, Virginia, the father of said idiot, died intestate, leaving a large estate, to a share or portion of which said idiot was entitled. That one George Hardaway, the brother of defendant, administered on the estate of the said John Drummond, and gave bond as administrator in the sum of two hundred thousand dollars for the faithful discharge of his duties, and to which bond defendant Robert S. Hardaway, was a security. That suit was subsequently instituted in behalf of said idiot, in Brunswick county, Virginia, against the administrator and his securities, and a judgment had in 1827, for about $2,100, besides interest; and after the rendition of said judgment, the said George Hardaway removed from Virginia to Morgan county, Georgia, where he died intestate, in the year 1828, and administration of his estate was granted to his brother Robert S. Hardaway the defendant.

That the said idiot was covertly, and in collusion with George and Robert S. Hardaway about 1827, removed from Virginia to Morgan county, by a younger brother, *William F. Drummond*—that said William F. who was young, dissipated and irresponsible, was appointed guardian of the said idiot by the Inferior Court of Morgan county, and the said Robert S. became his security. This appointment was made in 1828. That after William F. Drummond's appointment as guardian of his idiot brother, he was induced by said Robert S. Hardaway, to execute to him a receipt for the judgment recovered against him and his brother George, in favor of said idiot in Virginia, without consideration or any money being actually paid, but fraudulently and collusively; and for which judgment said Robert S. was bound, both as the

Drummond vs. Hardaway.

security to said George Hardaway and as the security of the said William F. Drummond.

The bill further alleges, that the said Robert S., after thus procuring the appointment of said William F. Drummond, and procuring from him the receipt as aforesaid, in the year 1829, applied to the Court of Ordinary of Morgan county—and representing that said William F. Drummond, guardian, was wasting the estate of the idiot, and desiring to be released from his suretyship—he was appointed guardian in the place of said William F., and was thus entitled to receive the whole estate of said idiot; but of what it consisted or of what nature or amount, complainants do not know, except the judgment for $2,100, before mentioned.

Said idiot died in the year 1849, in the State of Alabama, and complainants are his heirs at law; that after the death of said idiot, William A. Hardaway, the son of defendant—and under his control and influence—administered on his estate in Russell county, Alabama; and this was done for the purpose of preventing others from administering, who might call said defendant to account; that said William A. having administered at the instance of his father, has taken no steps to bring him to an account, but he still holds possession of and retains the estate of said idiot in his hands; that there are no debts against said estate, and that William A. Hardaway has removed beyond the jurisdiction of the Court, and resides in the State of Alabama.

The bill prays for an account against said Robert S. Hardaway, and that he be decreed to pay over to complainants the amount in his hands belonging to the estate of said idiot, and the amount which he is bound and liable for in his character as surety to the administrator of the idiot's deceased father; as co-defendant in the judgments rendered in Virginia; as security to William F. Drummond, while guardian of said idiot; and as the guardian himself of said idiot, and having his estate in hand at his death.

The defendant met the bill with a demurrer.

1st. For want of Equity.

2d. That the legal representative of said deceased idiot, and not his heirs at law alone have the right to call for an account against defendant,

3d. That the bill is multifarious.

The defendant further pleaded, that the said Robert Drummond, idiot, removed to the State of Alabama, and county of Russell, where, on the 13th of March, 1849, William A. Hardaway was appointed his guardian, the defendant being unwilling longer to act, and that he had accounted with said William A. as guardian for all the estate of said idiot, and paid him over the same, being the sum of $1,392 65, and took his receipt therefor ; that afterwards the said idiot departed this life in the State of Alabama, and William A. Hardaway was appointed administrator. And this the defendant pleads to complainant's bill, and asks the judgment of the Court, whether he shall be compelled to make further answer thereto.

The cause was heard upon the demurrer. Judge Worrill, after argument, sustained the same, and ordered complainants bill to be dismissed ; and thereupon complainants excepted and assign error.

HINES HOLT, for plaintiff in error.

DOUGHERTY, and JAS. JOHNSON, for defendant in error.

*By the Court.*—BENNING J. delivering the opinion.

*All* who are heirs of the deceased Robert Drummond, are parties to the bill, and parties *plaintiffs.* It may be inferred therefore, that none of the heirs of the said Robert, wishes for an administration to be had on the said Robert's estate, or is opposed to the heirs winding up the estate for themselves.

There were no creditors of the deceased at the time of his

death, and consequently, there can be no person who, as creditor, might be opposed to the heirs doing this.

Robert S. Hardaway, the defendant in the bill, was indebted to the deceased at the time of the death of the latter, on divers accounts.

These are the leading parts of the bill, generalized.

And upon them the question is, whether Hardaway, the *debtor* of the intestate, can be sued in equity for an account of the debt, by the *heirs*, or only by an *administrator*.

As there were no creditors, the equitable title to what Hardaway the debtor owed, vested completely and exclusively in the heirs.

And it is a general principle, that a perfect equitable title is sufficient to support a suit in equity. Suits in equity upon such a title, and in cases not unlike the present, have been frequently upheld by this Court.

As, in the case of *Jonekin vs. Holland*, 7. *Ga. Rep.* 590.

In that case, a tenant of land had a complete right to the land under the statute of limitations, as against the *heirs* of the person in whom was the adverse title, but not as against the *administrator* of that person. But the heirs were all of age, and there were no creditors of the deceased person. The heirs therefore, had the complete and exclusive equitable title to the land; and consequently a recovery of it by the administrator, would have been a recovery to their sole use. This Court held, that the tenant might in equity enjoin a suit for the land by the administrator. And this was holding, that the tenant might set up in his defence, the equitable title of the heirs, and the bar to that title, to defeat the legal title of the administrator.

And, as in the cases of *Josey and others, vs. Audulf*, 13. *Ga. Rep.* 483-4. *Smith, adm'r vs. Gentry*, 16. *Ga. Rep.* 31. *Lyon vs. Howard, and others, Id.* 481. *Shorter and others, vs. Hargraves*, 11. *Ga. Rep.* 658.

The last case is, indeed a precedent for the present one. In that case, the bill was filed by the heirs of E. S. Shorter

against Hargraves, as the administrator of Jas. H. Shorter, who had been an administrator of E. S. Shorter, for an account of the liabilities of Jas. H. Shorter as such administrator of E. S. Shorter. Hargraves insisted, that he was liable to account for those liabilities, only to an administrator of E. S. Shorter.

But this Court held, that he was liable to account to the heirs of E. S. Shorter, and therefore it sustained the bill.

Nor was there in the bill in that case, even any allegation, that there were no creditors of E. S. Shorter.

Indeed, a perfect equity has been held by this Court, to be a title that may be asserted even at law. *Pitts vs. Bullard.* 3. *Kelly* 17.

We think therefore, that the heirs of Robert Drummond had the right to bring this bill.

And if they had, there was equity in the bill, as it was not multifarious.

Every part of this bill is connected with some other part.

But we think, that Wm. F. Drummond ought to be a party or that some excuse should be given for not making him a party.

The settlement between him and Hardaway is attacked. He therefore is at least a proper party to the suit.

However, considering his entire relation to the case, I cannot myself regard him as a *necessary* party to the suit.

The conclusion of the Court therefore is, that the Court below should not have sustained the demurrer.

Judgment reversed.