*Smith & Kirkland,* contra.

---

### 34.  RICHARDS *v.* O'BRIEN BROTHERS *et al.*

1. The petition being in substance sufficient, the judgment sustaining the general demurrers is reversed.
2. The petition not fully, clearly, and distinctly setting forth the connection of the defendants, O'Brien Brothers, with the negligence alleged, it is directed that the petition be dismissed as to them, unless the defects in the petition, as indicated in the opinion of this court, be cured by appropriate amendments.

Action for damages, from city court of Atlanta—Judge Reid. May 26, 1906.

Argued January 14,—Decided January 31, 1907.

*James L. Key,* for plaintiff.

*J. S. Slicer, King, Spalding & Little,* for defendants.

HILL, C. J.* The plaintiff brought suit in the city court of Atlanta against the defendants for damages resulting from personal injuries received by him on the 7th day of June, 1904. That part of his petition illustrating the assignments of error to be considered is as follows: (2) That on the 7th day of June, 1904, petitioner was in the employ of the Candler Investment Company, and was engaged at his work as a brick-mason, laying the foundation of an area wall in the bottom of an excavation of certain premises, on which was being erected what is known as the Candler Building, on Houston street, between Peachtree and Pryor streets, city of Atlanta, said county. (3) That said excavation was thirty feet deep at the point where petitioner was at work, which was against the

wall on the north or Houston street side; that while petitioner was at work laying brick on said area wall, a portion of the side or wall of said excavation immediately above him caved and sloughed off and fell upon him, a distance of thirty feet as aforesaid, whereby he sustained the following severe and permanent injuries (describing them). (8) That on the 27th day of January, 1904, the Candler Investment Company, petitioner's employer, made a contract with the Morrow Transfer Company, by which, for certain named considerations therein, said Morrow Transfer Company was to excavate said lot and have charge of the work of excavation, and was to complete said work and turn the property over to the Candler Investment Company ninety days from said date, providing a penalty of twenty dollars a day for each day there being delay thereafter. (9) That on the day that petitioner was injured, which was more than ninety days from the date of contract between Candler Investment Company and the Morrow Transfer Company, said work of excavating had not been completed, and was then being conducted and carried on; that it was agreed between Candler Investment Company and Morrow Transfer Company that the Candler Investment Company would waive their claim of twenty dollars per day forfeiture, provided said Morrow Transfer Company would turn over to Candler Investment Company a portion of said premises, not as a completed job, but only to carry on the work of constructing said area wall upon which petitioner was at work, and such other work as was then agreed upon. (10) That said Morrow Transfer Company, under the terms of said contract heretofore referred to, between them and the Candler Investment Company, were to be responsible for any accident or injuries sustained by any one, occasioned in any way through or by reason of said excavation, or anything done in connection therewith, and said contract was a valid and subsisting contract at the time of said injuries, and was for petitioner's benefit. (11) That at the time of said injury the active work of said excavating was being done by O'Brien Brothers. That there was an arrangement between Morrow Transfer Company and O'Brien Brothers, by which O'Brien Brothers were to do said work; that Morrow Transfer Company were still held by the Candler Investment Company as the person doing said work, and said Candler Investment Company refused to recognize said O'Brien Brothers

as principals in lieu of Morrow Transfer Company. (12) That all of the dealings of Candler Investment Company, with reference to said work of excavation, were with the Morrow Transfer Company, and said Candler Investment Company had notified defendants that the overhanging edge of said wall should be pushed in and that said wall should be braced and shored up. (13) That the said Houston street was near the center of a large city; that there was heavy traffic of people, vehicles, and street-cars along the side of said excavation; and all this tended to shake and jar and destroy the consistency and holding and adhesive qualities of the material of said wall; that there had been for some time heavy blasting in said excavation with like effect on said wall. (14) That said work of excavating was, according to previous knowledge and experience, in its nature dangerous to others, however carefully performed. (15) That said defendants, in digging down said excavation, negligently left said wall on the north or Houston street side jutting out and overhanging where petitioner was at work. (16) That said defendants, in digging down said excavation, negligently failed to push off the loose upper edges of said wall, and negligently failed to brace up and shore up said wall so as to prevent it from sloughing and caving in. (18) That at the time of said injury, petitioner did not know of the condition of said wall as alleged, and did not know of defendants' negligence, and, by the exercise of reasonable care and diligence, could not and did not discover the said condition of said wall. (19) That at the time of said injury defendants had entire control of said wall, and owed him the duty of not allowing said wall to fall down on and injure him as aforesaid. Defendants knew that petitioner was at work where the injury occurred.

To this petition the defendants each filed a general demurrer. We will first consider the case made by the petition as admitted by the general demurrer. We hold that the petition is good in substance, the test of this being whether the defendants could admit all that is alleged and escape liability. *Pullman Car Co. v. Martin,* 92 *Ga.* 164; *Georgia Railroad Co. v. Rayford,* 115 *Ga.* 937. That the allegations in the petition are sufficient is shown by reference thereto. These allegations in substance are as follows: At the time of his injury, plaintiff was at work as a brick-mason, laying the foundation of an area wall in the bottom of an excavation, be-

ing prepared for the erection of what is known as the Candler Building. Said excavation was thirty feet deep at the point where plaintiff was at work, and a portion of the side or wall of said excavation, immediately above him, caved and sloughed off, and fell upon him, a distance of thirty feet. The said defendants, in digging down said excavation, negligently left said wall jutting out and overhanging where the plaintiff was at work. Said defendants, in digging down said excavation, negligently failed to push off the loose upper edges of said wall, and negligently failed to brace up and shore up said wall, so as to prevent it from sloughing and caving in. It is further alleged, that the Candler Investment Company for whom the plaintiff was working at the time of his injuries, had notified the Morrow Transfer Company that the overhanging edge of said wall should be pushed in, and that said wall should be braced and shored up. It is also alleged, that at the time of the said injury the plaintiff did not know of the unsafe condition of said wall, did not know of defendants' negligence, and by the exercise of reasonable care and diligence could not and did not discover the said condition of said wall; that the defendants knew that the plaintiff was at work where the injury occurred, having entire control of the said wall, and owed him the duty of not allowing said wall to fall down on and injure him. We hold that the foregoing allegations in the petition, in connection with others therein, not quoted, set forth a sufficient cause of action against the defendants. It is not entirely clear that the allegations of negligence in the petition apply to the defendants O'Brien Brothers, and we think that these defendants are entitled to be distinctly informed as to the acts of negligence connecting them with the injuries alleged to have been received by the plaintiff. It should be distinctly alleged what these defendants had to do with that part of the excavation where the plaintiff was injured; whether they had any knowledge of the alleged defective character of the work that had been done at that point; what knowledge they had, if any, of the dangerous condition in which the wall was left; whether they knew the purpose of the Candler Investment Company to put men to work, constructing a wall, on that part of the excavation where the plaintiff was injured, or that they knew of his presence there at the time he was injured. For these reasons, in reversing the judgment of the court sustaining the demurrers

filed by O'Brien Brothers, we do so with direction that the defects above indicated, in the petition, relating to the defendants O'Brien Brothers, be cured by appropriate amendments; otherwise the petition as to them shall be dismissed.

In addition to this general objection to the sufficiency of the declaration, the demurrants, O'Brien Brothers, filed an additional ground of demurrer, as follows: "If said plaintiff has any claim or cause of action, arising from the several matters and things set forth in said petition as constituting a tort upon him, such claim or cause of action, as appears from the allegations of said petition, is against the Candler Investment Company, and not against these defendants jointly, or either of them." The court sustained the demurrer on this ground, and this judgment is assigned as error. In support of this ground of demurrer, it is claimed that it affirmatively appears, from the allegations of the petition, that that portion of the excavation wherein the plaintiff was injured had been turned over by Morrow Transfer Company to the Candler Investment Company, and accepted by the Candler Investment Company, and that the latter company had put its men to work in the construction of the foundation, and that it was in the performance of this work that the plaintiff was injured. It is unquestionably a sound principle of law that after the contractor has completed the work and turned it over to the owner, and it has been accepted by the owner in discharge of the contract, the contractor incurs no further liability by reason of the negligent manner in which the work has been done, but the responsibility, if any, for maintaining or using it in its defective condition is shifted to the owner. The contractor remains liable, if at all, only to the proprietor or owner, for a breach of his contract. 1 Thomp. Neg., §§ 686, 687; Easton v. Smith, 26 L. R. A. 504. Before this responsibility is shifted from the contractor to the proprietor or owner, it must be shown that the work was fully completed by the contractor, fully accepted by the owner or proprietor, and the contractor fully discharged of the contract. The specific allegations of the petition, relating to this subject, are, "that at the time of the alleged injury said work of excavating had *not* been completed, and was *then* being conducted and carried on; that it was agreed between Candler Investment Company and Morrow Transfer Company that the Candler Investment Company would waive their claim of twenty dollars

per day forfeiture, provided said Morrow Transfer Company would turn over to Candler Investment Company a portion of said premises, *not as a completed job,* but only to carry on the work of constructing said area wall, upon which plaintiff was at work, and such other work as was then agreed upon." And further it is alleged, "That at the time of said injury defendants had entire control of said wall." We think these allegations were sufficient to raise a question of fact, whether there was a delivery of this part of the work by the contractor to the entire control of the proprietor or owner, and acceptance by the proprietor or owner, under such circumstances as relieved the contractor from further liability for any injury that might thereafter occur to third parties by reason of any negligent condition of that portion of the work in question; and that this was for the determination of the jury. We therefore hold that the judgment of the learned judge below was erroneous in sustaining the demurrer on this ground.

It is further insisted by defendants that the judgment of the court was right in sustaining the demurrer, because "the allegations set forth in the petition, as to the negligence of the defendants in leaving a portion of the wall jutting out, show the position in which the plaintiff worked place him where he could see the wall, and that he had full knowledge of the dangerous condition of the place in which he was working." The allegations of the petition on this point are, "that the petitioner did not know of the condition of said wall, and by the exercise of reasonable care and diligence could not and did not discover the said condition of said wall." The law did not impose upon the plaintiff the duty of making an inspection of the wall before he went to work, to determine whether it was in a safe condition. It did impose upon the contractor who made the excavation the duty of leaving the wall in a safe condition, especially in view of the other allegations of the petition that the defendants knew that the plaintiff was at work at the bottom of the excavation, beneath that portion of the wall which fell down upon him, by reason of the alleged negligent condition in which it was left. We think this question of negligence was within the province of the jury, and could not be determined as matter of law, under the allegations made by the petition.

O'Brien Brothers demurred further, "because the several matters and things set forth in said petition as constituting the alleged

tort, for which plaintiff is seeking to recover, do not constitute this defendant a joint tort-feasor with the Morrow Transfer Company, and said petition is fatally defective for misjoinder of parties." The court sustained this demurrer, and plaintiff excepted and assigns this judgment as error. The only allegation in the petition on this point is the statement "that there was an arrangement between Morrow Transfer Company and O'Brien Brothers by which O'Brien Brothers were to do said work," and "that at the time of said injuries the active work of excavating was being done by O'Brien Brothers." This language does not clearly indicate in what capacity O'Brien Brothers were employed, whether as agents, servants, or independent subcontractors. If the arrangement alluded to was one of employment as agents or servants, there was no misjoinder of parties. *Southern Railway Co.* v. *Grizzle*, 124 *Ga.* 735. If the work was being done by O'Brien Brothers as independent subcontractors, there was a misjoinder of parties. Civil Code, §3818; *Harrison* v. *Kiser*, 79 *Ga.* 588; 1 Thomp. Neg. §621; St. Louis, etc., R. Co. *v.* Yonly, 9 L. R. A. 604, note. The allegation on the subject not clearly showing in what capacity O'Brien Brothers were doing the work, the court erred in sustaining this demurrer.

There are some other questions made in the record, relating to an alleged contract between Morrow Transfer Company and Candler Investment Company, but we do not think they are material to be decided by this court. The judgment of the court below in sustaining the demurrers of the defendants is reversed; the reversal, as to the demurrer of O'Brien Brothers, with direction that the plaintiff shall amend the petition as to them, in the matters indicated in this opinion, or the petition shall be dismissed as to them.	*Judgment reversed.*