A00A0653. DELSON et al. v. DEPARTMENT OF TRANSPORTATION et al.
(537 SE2d 381)

BARNES, Judge.
Natividad Delson, Rex Delson, Maria Delson, Ann Delson Hejmanowski, and Concepcion Delson Guistino ("surviving children") appeal from the trial court's grant of partial summary judgment to the Georgia Department of Transportation ("DOT"). Because we find the trial court erred by finding that the surviving children failed to comply with the ante litem notice requirements of OCGA § 50-21-26, we reverse.

The record shows that the surviving children's parents, Crisanto and Delores Delson ("the deceased"), were killed in an automobile accident on July 21, 1995. On July 2, 1996, the same law firm that later filed a complaint on behalf of the surviving children, as well as the estates of the deceased, sent an ante litem notice that stated, in pertinent part:

> This law firm represents the interests of the estates of Crisanto Delson, [and] Delores Delson who died on July 21, 1995. . . . Pursuant to OCGA § 50-21-26, *et seq.*, this letter will serve as notice to the Risk Management Division and the Department of Transportation that the representatives of the aforementioned estates intend to file a lawsuit against the State of Georgia and the Department of Transportation whose conduct is believed to have proximately caused the deaths of Crisanto Delson [and] Delores Delson. . . . Claims which may be alleged include wrongful death, negligence, loss of consortium, as well as others which may become apparent through the discovery process. . . . While it is difficult to value the lives of Crisanto Delson . . . [and] Delores Delson . . . , and the pain and suffering endured by their surviving family, we believe this amount to be substantial.

DOT moved for partial summary judgment on the grounds that this ante litem notice did not notify it that the surviving children would be bringing a claim against it. The trial court agreed and granted partial summary judgment in favor of the DOT.

The ante litem statute at issue, OCGA § 50-21-26, provides in pertinent part:

> (a) No person, firm, or corporation having a tort claim against the state under this article shall bring any action against the state upon such claim without first giving notice of the claim as follows: . . . (3) No action against the state under this article shall be commenced and the courts shall have no jurisdiction thereof unless and until a written notice of claim has been timely presented to the state as provided in this subsection; . . . (5) A notice of claim under this Code section shall state, to the extent of the claimant's knowledge and belief and as may be practicable under the circumstances, the following: (A) The name of the state government entity, the acts or omissions of which are asserted as the basis of the claim; (B) The time of the transaction or occurrence out of which the loss arose; (C) The place of the transaction or occurrence; (D) The nature of the loss suffered; (E)

The amount of the loss claimed; and (F) The acts or omissions which caused the loss.

The surviving children assert they complied with the requirements of this statute, and we agree. Subsection (a) (5) sets out the information which "shall" be included in the notice, and the parties do not dispute that all of the information required by this subsection was included in the letter sent by the surviving children's attorney. The statute contains no express requirement that all claimants be identified in the notice. The omission of such a requirement makes sense when one considers that the person possessing a cause of action can sometimes change over time.[1]

The Supreme Court's decision in *Williams v. Dept. of Human Resources*, 272 Ga. 624 (532 SE2d 401) (2000), is distinguishable because in *Williams,* no notice of a wrongful death claim was provided to the State.[2] Thus, the plaintiff in that case failed to specify "the nature of the loss suffered" as required by OCGA § 50-21-26 (a) (5) (D). In this case, the State received notice that a wrongful death claim would be asserted. Accordingly, the trial court erred in granting partial summary judgment to the DOT.

*Judgment reversed. Johnson, C. J., Pope, P. J., Eldridge, Phipps and Mikell, JJ., concur. Blackburn, P. J., dissents.*

BLACKBURN, Presiding Judge, dissenting.

I must respectfully dissent. The record shows that the surviving children of the Delsons did not give any notice of their wrongful death claim as required by the plain language of OCGA § 50-21-26 (a) (the Georgia Tort Claims Act), so I would affirm the grant of partial summary judgment to the Department of Transportation.

The majority's decision allows the surviving children to proceed with suit based on the notice from the estates, another party. A similar interpretation of the notice provision has been rejected by our Supreme Court.

Applying the dissent's interpretation, individuals could sue the state based on the notice of other persons about other claims, so long as the claims derived from the same negligent act. . . . That liberal construction would undermine substantially the requirement of notice to the state.

---

[1] For example, the death of a surviving spouse would result in a wrongful death cause of action passing to any surviving children, or if there were no surviving children, to the representative of the original decedent's estate. See OCGA §§ 51-4-2 (b) (1); 51-4-5 (a).

[2] The language from *Williams* that is quoted by the dissent is dicta and does not govern the result of this case.

*Williams v. Dept. of Human Resources.*[3]

In *Williams*, Paul and Sheila Williams had sent an ante litem notice to the state claiming she had suffered pain, disfigurement and reduced life expectancy and that he had suffered loss of consortium due to a public health nurse's failure to diagnose Mrs. Williams' breast cancer. After Mrs. Williams died, Mr. Williams filed a wrongful death action against the state. The trial court's dismissal of the action was affirmed because Mr. Williams had not strictly complied with OCGA § 50-21-26. He failed to give notice of his wrongful death claim. Id.

The Supreme Court reiterated in *Williams*, supra, that we should look to the plain meaning of the statutory language to interpret the GTCA and, furthermore, that substantial compliance with the notice provisions of the statute is inadequate. The majority's analysis here ignores the plain language of the statute which requires that *any* person who has a claim against the state must give notice of *that* claim. OCGA § 50-21-26, the ante litem notice provision, provides "(a) No person . . . having a tort claim against the state under this article shall bring any action against the state upon such claim without first giving notice of the claim." "Person" is defined in the GTCA as "a natural person, corporation, firm, partnership, association, or other such entity." OCGA § 50-21-22 (4).

In the present case, the persons bringing the wrongful death action are the surviving children of Crisanto and Delores Delson.[4] The record is abundantly clear that none of the surviving children gave written notice to the state of any claim, much less their wrongful death claim, in accordance with OCGA § 50-21-26 (a). Rather, the only notice of claims arising out of the deaths of the Delsons came from the *estates* of Crisanto Delson and Delores Delson.

It matters not that, as the majority states, the same law firm which *later* filed suit on behalf of the surviving children sent the notice. The notice makes reference only to the estates:

> This law firm represents the interests of the *estates of Crisanto Delson [and] Delores Delson*. . . . Pursuant to OCGA § 50-21-26, *et seq.*, this letter will serve as notice . . . that *the representatives of the aforementioned estates* intend to file a lawsuit against the State of Georgia.

The purpose of the notice provision is to "ensure that the state receives adequate notice of the claim to facilitate settlement before

---

[3] *Williams v. Dept. of Human Resources*, 272 Ga. 624, 626 (532 SE2d 401) (2000).

[4] Plaintiffs Natividad Delson, Rex Delson, Maria Delson, Ann Delson Hejmanowski and Concepcion Delson Guistino.

the filing of a lawsuit." *Williams*, supra at 625. Accordingly, it is of the utmost importance that the state know which parties are asserting claims. Here, the estates of the deceased and the surviving children are distinct "persons" asserting separate claims. The estates cannot assert a wrongful death claim; only the surviving children can assert that claim. OCGA § 51-4-2. Since the surviving children failed to give notice to the state of any claim, the trial court's grant of partial summary judgment to the DOT should be affirmed. OCGA § 50-21-26 (a); *Williams*, supra; *Bd. of Regents &c. of Ga. v. Frost.*[5]

DECIDED JULY 13, 2000

*Weinstock & Scavo, Michael Weinstock, Jeffrey P. Yashinsky, Jan P. Cohen,* for appellants.

*Thurbert E. Baker, Attorney General, Kathleen M. Pacious, Deputy Attorney General, Lawson, Davis, Pickren & Seydel, G. Thomas Davis, Paul R. Jordan, Alison H. Price III, Swift, Currie, McGhee & Hiers, Stephen L. Cotter, Henry L. Pruett, Moore, Ingram, Johnson & Steele, William R. Johnson, Jere C. Smith,* for appellees.

---

[5] *Bd. of Regents &c. of Ga. v. Frost*, 233 Ga. App. 692 (2) (505 SE2d 236) (1998).
[1] *Hansford v. Burns*, 241 Ga. App. 407, 408 (526 SE2d 896) (1999).