A05A0171. JOHNSON v. E. A. MANN & COMPANY.
A05A0172. DEPARTMENT OF TRANSPORTATION
v. JOHNSON.
(616 SE2d 98)

BLACKBURN, Presiding Judge.

In this personal injury action involving a one-car accident on a newly paved road on which curve warning signs had not been posted, Walter Johnson, Sr. ("Johnson"), as guardian of Walter Johnson, Jr. ("Johnson, Jr."), brought suit against DOT and Mann, a paving subcontractor, for injuries incurred by Johnson, Jr. In Case No. A05A0171, Johnson appeals the trial court's grant of summary judgment to Mann, contending that the trial court erred in holding that (1) Mann had no responsibility to place curve warning signs at the place where the wreck occurred, and (2) DOT's acceptance of the paving project precluded Mann's liability. In Case No. A05A0172, DOT appeals the trial court's denial of its motion to dismiss for lack of subject matter jurisdiction due to Johnson's failure to comply with the ante litem notice provisions of OCGA § 50-21-26. For the reasons set forth below, we reverse the trial court's judgments in both cases.

The record shows that, in 1994, DOT agreed to pay for the upgrading and paving of Little McCall Road, a dirt road in Effingham County. The Effingham County Board of Commissioners entered into a contract with Mann to complete the paving project (the "Contract"). Mann completed paving the road on October 7, 1996, but as of October 12, 1996, no signs warning of curves in the road had been erected.

In the early morning hours of October 11, 1996, Johnson, Jr. was severely injured in a single vehicle accident on Little McCall Road when he ran off the road as he entered a curve. On October 12, 1998, Johnson filed a personal injury lawsuit against DOT and Mann.[1] The lawsuit alleged that DOT was negligent for failure to properly design the road, inspect the project, and maintain the road. It also alleged that Mann was negligent in failing to erect curve warning signs and to properly construct or maintain the road.

Over the course of five years of litigation, DOT filed a motion to dismiss, two motions for partial summary judgment, and a motion for summary judgment. Over the same period, Mann filed two motions for summary judgment.

On April 27, 2004, the trial court held a hearing on all pending motions. In May 2004, the trial court granted DOT's motion to dismiss for lack of subject matter jurisdiction with respect to Johnson's claim of negligent inspection, and denied its motion with respect to

---

[1] Effingham County was also named as a defendant, but was later voluntarily dismissed and is not a party to this appeal.

the DOT's claim of insufficiency of ante litem notice. The court also granted DOT's motion for summary judgment with respect to Johnson's claim of negligent maintenance or construction of the roadway. In the same order, the trial court granted both of Mann's motions for summary judgment. The appeals of Johnson and DOT followed.

### Case No. A05A0171

On appeal, Johnson contends that the trial court erred in granting Mann's motions for summary judgment on the grounds that Mann had no responsibility to place warning signs on the road, and that DOT's acceptance of the paving project precluded Mann's liability.

> To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A defendant may do this by showing the court that the documents, affidavits, depositions, and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of the plaintiff's case. In reviewing the grant or denial of a motion for summary judgment, we apply a de novo standard of review and consider the evidence with all reasonable inferences therefrom in favor of the party opposing summary judgment.

(Citation omitted.) *Scott v. Cushman &c. of Ga.*[2]

1. In his first enumeration of error, Johnson contends that the trial court erred in granting Mann summary judgment on the ground that Mann did not have any responsibility, contractually or otherwise, to place needed traffic control signs on the road where Johnson, Jr.'s accident occurred. We agree.

Johnson has pointed to evidence in the record which, viewed in a light favorable to him, creates a jury issue on Mann's responsibility for erecting warning signs under its Contract with Effingham County. The Contract states that it "will be executed and constructed in accordance with the Standard Specifications, 1983 Edition; the Supplemental Specifications, 1989 Edition." These specifications contain the following language regarding traffic control signs:

---

[2] *Scott v. Cushman &c. of Ga.*, 249 Ga. App. 264, 264-265 (547 SE2d 794) (2001).

## Section 150 — Traffic Control

150.01 Description: This work shall consist of furnishing, installing, maintaining, and removing necessary traffic signs, barricades, lights, signals, cones, pavement markings and other traffic control devices. This work shall include both maintaining existing devices (excluding Traffic Signals) and installing additional necessary devices to protect traffic from existing as well as created hazards.

Herman Hill, Johnson's expert witness, testified in his deposition that the Georgia Standards of Specification, incorporated into the Contract, required Mann to install signage at the construction project.

Richard McCoy, an official with DOT, testified in his deposition that, even though the Contract did not have a line pay item for signage, DOT required contractors to put up signs for the duration of a construction project. Marshall Wolfe, the Effingham County works director testified that it was Mann's responsibility under the Contract to provide traffic control devices during construction. Wilburn Simpson, Mann's vice president, acknowledged in his deposition that Mann had installed some warning signs on the project site.

Viewing this evidence in a light most favorable to Johnson, as the nonmoving party, we hold that genuine issues of material fact exist as to Mann's responsibility for the erection of warning signs on the construction site. Accordingly, it was error for the trial court to grant summary judgment to Mann on the ground that it had no such responsibility.

2. Johnson next maintains that the trial court erred in granting Mann's second motion for summary judgment on the ground that DOT's acceptance of the project precluded Mann's liability. Johnson argues that the acceptance doctrine is not applicable because Johnson, Jr.'s injuries were suffered prior to DOT's acceptance of Mann's work. Again, we agree.

> Under [the acceptance] doctrine, an independent contractor is not liable for injuries to a third person, occurring after the contractor has completed the work and turned it over to the owner or employer and the same has been accepted by him, though the injury resulted from the contractor's failure to properly carry out his contract, . . . [except] when a contractor is negligent, and that negligence is inherently or intrinsically dangerous, a nuisance per se, or imminently dangerous to a third party, [in which case,]

acceptance of the work does not bar a suit for injuries by the third party.

(Punctuation omitted.) *Manesh v. Baker Equip. Engineering Co.*[3] As this Court made clear long ago, "[b]efore this responsibility is shifted from the contractor to the proprietor or owner, it must be shown that the work was fully completed by the contractor, fully accepted by the owner or proprietor, and the contractor fully discharged of the contract." *Richards v. O'Brien Bros.*[4]

Under the standard of review applicable to a trial court's ruling on a motion for summary judgment, Mann, as the movant, had the evidentiary burden of affirmatively establishing that, prior to the accident which caused Johnson, Jr.'s injuries, its work on Little McCall Road had been fully completed and fully accepted by the owner, and that it had been fully discharged of its obligations under the contract. In attempting to carry this burden, Mann can only point to the fact that the paving project was completed on October 7, 1996, prior to Johnson, Jr.'s accident of October 11, 1996. On this basis, it asserts that its work was "accepted by the County on completion, which was October 7, 1996."

In response, Johnson points to deposition testimony that clearly raises an issue of fact as to when Mann's work was fully completed and accepted, and when Mann was discharged from the Contract. Wolfe, the Effingham County works director, testified that Mann's work was not accepted prior to the accident, and that the County had no responsibility to take care of the road prior to DOT's acceptance of the project. Willie Lewis, a construction project manager with DOT, testified that he made a final inspection of Mann's work on January 1, 1997, and presented Mann with a punch list of needed corrections to the work before it could be accepted. Final acceptance of the project was issued by DOT on March 21, 1997.

Viewing this evidence in a light favorable to Johnson, Mann failed to carry its burden of showing that no genuine issue of fact remained as to whether its work had been completed and accepted prior to Johnson, Jr.'s injuries so as to preclude its liability under the acceptance doctrine. Accordingly, the trial court also erred in granting summary judgment as to this issue.

---

[3] *Manesh v. Baker Equip. Engineering Co.*, 247 Ga. App. 407, 411 (2) (543 SE2d 61) (2000).
[4] *Richards v. O'Brien Bros.*, 1 Ga. App. 107, 111 (57 SE 907) (1907).

## Case No. A05A0172

In its cross-appeal, DOT appeals the trial court's denial of its motion to dismiss for lack of subject matter jurisdiction, arguing that Johnson failed to comply with the ante litem notice provisions of OCGA § 50-21-26. Specifically, DOT claims that the ante litem notice was insufficient because it did not name the government entity whose acts or omissions are the basis for Johnson's claims, and because it did not describe the nature of the loss allegedly suffered. "We review the trial court's ruling on a motion to dismiss under the de novo standard of review." *BankWest, Inc. v. Oxendine.*[5]

> The Georgia constitutional amendment of 1974 gave constitutional status to sovereign immunity for the State of Georgia and permitted the General Assembly to statutorily provide the terms and conditions of its waiver but prevents the courts from abrogating or modifying the immunity. The General Assembly granted a limited waiver of sovereign immunity with certain conditions precedent to the waiver; the state waives its sovereign immunity only to the extent and in the manner provided in this article. Sovereign immunity of the State is waived only upon strict compliance with the Act. Substantial compliance with the Act is inadequate to waive sovereign immunity.

(Citations, punctuation and footnote omitted.) *Sylvester v. Dept. of Transp.*[6] In construing the statute, this Court and the Supreme Court have looked to the plain meaning of the statutory language. *Williams v. Ga. Dept. of Human Resources.*[7]

OCGA § 50-21-26, the ante litem statute at issue provides, in pertinent part:

> (a) No person, firm, or corporation having a tort claim against the state under this article shall bring any action against the state upon such claim without first giving notice of the claim as follows: . . . (2) Notice of a claim shall be given in writing and shall be mailed by certified mail or statutory overnight delivery, return receipt requested, or delivered personally to and a receipt obtained from the Risk Management Division of the Department of Administrative Services. In addition, a copy shall be delivered personally to or

---

[5] *BankWest, Inc. v. Oxendine*, 266 Ga. App. 771, 776-777 (3) (598 SE2d 343) (2004).

[6] *Sylvester v. Dept. of Transp.*, 252 Ga. App. 31, 31-32 (555 SE2d 740) (2001).

[7] *Williams v. Ga. Dept. of Human Resources*, 272 Ga. 624, 625 (532 SE2d 401) (2000).

mailed by first-class mail to the state government entity, the act or omissions of which are asserted as the basis of the claim. . . . (3) No action against the state under this article shall be commenced and the courts shall have no jurisdiction thereof unless and until a written notice of claim has been timely presented to the state as provided in this subsection.

OCGA § 50-21-26 (a) (5) further provides:

(5) A notice of claim under this Code section shall state, to the extent of the claimant's knowledge and belief and as may be practicable under the circumstances, the following: (A) The name of the state government entity, the acts or omissions of which are asserted as the basis of the claim; (B) The time of the transaction or occurrence out of which the loss arose; (C) The place of the transaction or occurrence; (D) The nature of the loss suffered; (E) The amount of the loss claimed; and (F) The acts or omissions which caused the loss.

"Subsection (a) (5) sets out the information which 'shall' be included in the notice," *Delson v. Dept. of Transp.*,[8] and it is DOT's contention that Johnson's ante litem notice was inadequate because he did not comply with subparagraphs (a) (5) (A) and (a) (5) (D). The notice which Johnson sent to the Risk Management Division reads as follows:

This is to notify you on behalf of Walter Calhoun Johnson, Jr. through his guardian, Walter C. Johnson, Sr., of potential liability which you have by reason of the injuries he suffered on October 11, 1996 at 578 Little McCall Road and 620 Little McCall Road located in Effingham County. Your liability would result from improper signage, absence of warning lines and improper road and pavement design and construction. His damages exceed ten million dollars.
Please advise the undersigned of all applicable insurance and any information you may have to indicate no liability on your part.

The plain language of subparagraph (a) (5) (A) requires Johnson to state the name of the state government entity whose acts or omissions are the basis of his claim in the notice he sent to the Risk Management Division. This Johnson did not do.

---

[8] *Delson v. Dept. of Transp.*, 245 Ga. App. 100, 102 (537 SE2d 381) (2000).

Johnson failed to name the state entity he intends to hold liable, but he nonetheless argued and the trial court agreed that Johnson alleges injury due to negligent road construction in his ante litem notice. Although one might consider Johnson's notice to be in substantial compliance with the Tort Claims Act, "[s]ubstantial compliance with the Act is inadequate to waive sovereign immunity." *Sylvester*, supra at 32. Under the statute, it is not the role of the Risk Management Division to analyze the allegations of a plaintiff's notice and come to a conclusion as to which state government entity, or entities, a plaintiff intends to sue; instead, it is the responsibility of the plaintiff to simply name the entity or entities in its notice of claim.

It is also not the role of this Court to decide what information required by the legislature to be included in the ante litem notice must be included in the notice and what information may be left out. The legislature has spoken through the statute and we must heed its insistence on strict compliance. OCGA § 50-21-26 (a) (3) makes absolutely clear that no action against the State "shall be commenced and the courts shall have no jurisdiction thereof unless and until a written notice of claim has been timely presented to the state as provided in" the statute. The State's sovereign immunity is waived only upon strict compliance with the ante litem provisions of the Tort Claims Act and substantial compliance is inadequate to waive sovereign immunity. *Sylvester*, supra at 32. Further, in setting forth the terms and conditions of the State's waiver in the statute, the General Assembly "prevent[ed] the courts from abrogating or modifying the immunity." Id. at 31. Given the legislature's clear statement of intent, and the courts' duty to carry out that intent, we cannot ignore Johnson's patent failure to set forth the information required by subparagraph (a) (5) (A). "The explicit ante litem notice provision of the State Tort Claims Act is ignored only at peril to a plaintiff's cause of action." *Howard v. State of Ga.*[9]

Since Johnson's ante litem notice was deficient, the trial court lacked subject matter jurisdiction over DOT. OCGA § 50-21-26 (a) (3). Accordingly, the trial court erred in denying DOT's motion to dismiss.

In light of our determination that Johnson's ante litem notice was deficient under OCGA § 50-21-26 (a) (5) (A) for failure to name the state entity he intended to hold liable, we need not consider DOT's remaining enumeration of error as to ante litem notice.

*Judgments reversed. Miller and Bernes, JJ., concur.*

---

[9] *Howard v. State of Ga.*, 226 Ga. App. 543, 545 (1) (487 SE2d 112) (1997).

DECIDED MAY 5, 2005 —
RECONSIDERATION DENIED JUNE 17, 2005 — 

*Hunter, Maclean, Exley & Dunn, Seslee S. Smith, F. Saunders Aldridge III, Larry E. Stewart,* for Johnson.

*Rutherford & Christie, Carrie L. Christie, Angela F. Donaldson,* for E. A. Mann & Company.

*Thurbert E. Baker, Attorney General, Kathleen M. Pacious, Deputy Attorney General, Loretta L. Pinkston, Reagan W. Dean, Assistant Attorneys General,* for Department of Transportation.