**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**HODGES and PIPKIN, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**October 17, 2025**

# In the Court of Appeals of Georgia

A25A0986. WALKER et al. v. GEORGIA DEPARTMENT OF HUMAN SERVICES.

PIPKIN, Judge.

This case involves the tragic death of a 33-day-old infant in foster care. The foster mother, an employee of the Georgia Department of Human Services (DHS), allegedly rolled over on the baby and smothered her when they were asleep in the same bed. The infant's natural parents, Jennifer and Antonio Walker, and Jennifer as the administrator of the infant's Estate (collectively, Plaintiffs), sued DHS in the Butts County Superior Court to recover damages for wrongful death, the infant's pre-death pain and suffering, and funeral expenses. The trial court dismissed the case based on sovereign immunity due to Plaintiffs' failure to comply with the ante litem notice

requirement of the Georgia Tort Claims Act (GTCA), OCGA §§ 50-21-20 to 50-21-37. Plaintiffs filed a timely notice of appeal.[1]

Plaintiffs contend that the trial court erred in dismissing the Estate's claims for two reasons. First, Plaintiffs claim that the trial court erroneously concluded that the ante litem notice period expired before the Estate came into existence. Second, Plaintiffs claim that the trial court failed to apply the plain language of OCGA § 9-3-92, the Georgia Code's tolling provision for unrepresented estates, to extend the ante litem notice period. However, as explained below, Plaintiffs' first claim rests on a false premise, and their second claim fails because OCGA § 9-3-92 does not apply to ante litem notice requirements. Accordingly, we affirm the trial court's judgment.[2]

1. The GTCA waives the State's sovereign immunity against tort claims but only if the requirements of the GTCA are met. See OCGA § 50-21-23. Two features of the GTCA frame the parties's arguments. First, the GTCA establishes a two-year

---

[1] Plaintiffs also named as a defendant the foster mother, but the trial court dismissed her from the case, and her dismissal is not at issue in this appeal.

[2] Plaintiffs also contend that the trial court erred in concluding that the Estate was not the proper party to bring the wrongful death cause of action. We need not address this claim in light of our conclusion that the trial court properly dismissed the case based on sovereign immunity.

statute of limitation for bringing tort claims against the State or any of its departments. See OCGA § 50-21-22 (5) (defining "State" to include any State department for purposes of the GTCA). OCGA § 50-21-27 (c) provides that "any tort action brought [against the State] pursuant to [the GTCA] is forever barred unless it is commenced within two years after the date the loss was or should have been discovered." Two subsections later, OCGA § 50-21-27 says: "All provisions relating to the tolling of limitations of actions, as provided elsewhere in this Code, shall apply to causes of action brought pursuant to [the GTCA]." OCGA § 50-21-27 (e).

Second, the GTCA establishes a 12-month ante litem notice requirement. OCGA § 50-21-26 (a) (1) says:

> No person . . . having a tort claim against the state under [the GTCA] shall bring any action against the state upon such claim without first giving notice of the claim as follows: Notice of a claim shall be given in writing within 12 months of the date the loss was discovered or should have been discovered . . . .

The GTCA defines the word "person" broadly to mean any "natural person, corporation, firm, partnership, association, or other such entity." OCGA § 50-21-22 (4). OCGA § 50-21-26 (a) (2) provides that, to be effective, the ante litem notice must be sent "by certified mail or statutory overnight delivery, return receipt requested, or

3

delivered personally to and a receipt obtained from the Risk Management Division of the Department of Administrative Services," and a copy must be "delivered personally to or mailed by first-class mail to the state government entity" being sued. Compliance with the 12-month ante litem notice requirement is mandatory and jurisdictional. OCGA § 50-21-26 (a) (3) states: "No action against the state under [the GTCA] shall be commenced[,] and the courts shall have no jurisdiction thereof[,] unless and until a written notice of claim has been timely presented to the state as provided in this subsection." Unlike OCGA § 50-21-27, which provides for the tolling of the limitations period to bring tort claims under the GTCA, OCGA § 50-21-26 nowhere refers to the possibility of "tolling" — or otherwise extending — the 12-month ante litem notice period.

With this background in mind, we turn to the facts of this case. According to the operative complaint, the infant was born on September 18, 2021, and the next day, she was removed from her parents' custody and placed in foster care. Sadly, on the morning of October 21, 2021, the infant died, and DHS notified her natural parents of the death later that day. A medical examiner conducted an autopsy and determined that the infant's death was an accident. The medical examiner also determined that

the cause of death was asphyxia due to obstruction of the infant's airway while "co-sleeping." On December 20, 2021, a death certificate was issued for the infant, which is when the natural parents learned the results of the autopsy.

On February 17, 2023, the Lamar County Probate Court issued Letters of Administration to Jennifer Walker as the administrator of the infant's Estate. Four days later, on February 21, 2023, a law firm retained to represent Jennifer in her capacity as the administrator of the Estate sent a notice of the Estate's claim for damages for wrongful death, the infant's pre-death pain and suffering, and funeral expenses to the Risk Management Division of the Georgia Department of Administrative Services (DOAS) and a copy to DHS, both by statutory overnight delivery. Seven months later, on September 20, 2023 — within the GTCA's two-year statute of limitation — Plaintiffs filed a complaint against DHS alleging causes of action for negligence and wrongful death. Plaintiffs amended their complaint on December 8, 2023, and February 21, 2024. On April 2, 2024, DHS filed a motion to dismiss Plaintiffs' second amended complaint. .

After a hearing, on August 22, 2024, the trial court entered an order granting DHS's motion to dismiss based on sovereign immunity due to Plaintiffs' failure to

comply with the GTCA's 12-month ante litem notice requirement. As relevant here, the court found that the infant died and that the Walkers were notified of the death on October 21, 2021, but that Jennifer did not send DOAS and DHS a notice of the Estate's claim until 16 months later, on February 21, 2023. The court rejected the argument that Jennifer could not give notice of the Estate's claim until after the probate court appointed her as the Estate's administrator on February 17, 2023, pointing to the provision of the Revised Probate Code of 1998, OCGA §§ 53-1-1 to 53-11-11, that says that an administrator's powers "commence upon qualification" but "relate back to give . . . effect" to pre-qualification acts "that are beneficial to the estate." OCGA § 53-7-1 (a). The court also noted that OCGA § 50-21-26 does not require that the ante litem notice contain the name of the ultimate plaintiff in the future lawsuit contemplated by the notice, citing *Delson v. Department of Transportation*, 245 Ga. App. 100 (537 SE2d 381) (2000). In addition, the court rejected the argument that OCGA § 9-3-92, the Code's tolling provision for unrepresented estates, applies to the GTCA's 12-month ante litem notice period.

2. Plaintiffs contend that the trial court erred in dismissing the Estate's claims against DHS by erroneously holding that "the ante litem notice period expired before

6

the Estate even existed." (Emphasis omitted.) Plaintiffs assert that "the relevant question for timeliness is when *the Estate* discovered the loss so as to trigger the 12-month time frame" and that "[t]he earliest point at which *the Estate* could have discovered the loss is February 17, 2023, when the Estate was established by court order." (Emphasis in original.) According to Plaintiffs, "the legal 'person' that is the Estate did not exist until the Probate Court of Lamar County appointed Ms. Jennifer Walker as the personal representative of the Estate on February 17, 2023." Plaintiffs then correctly note that "[t]he Estate's ante litem notice was given on February 21, 2023." Plaintiffs claim that the Estate's ante litem notice was sent "four days after the Estate was created and four days after the Estate was able to discover the loss," and was thus "well within the 12-month period" established by OCGA § 50-21-26.

The fatal flaw in this argument is that it is based on a false premise. Contrary to Plaintiffs' claim, the Estate was not "created" on February 17, 2023, when the probate court appointed Jennifer Walker as administrator for the infant's Estate, nor was the Estate "established" by the probate court's order. To the contrary, the infant's Estate came into existence the moment she died on the morning of October 21, 2021. As our Supreme Court has recognized from its earliest days, under Georgia

law, a decedent's estate comes into existence automatically when the decedent dies. See *Jones v. Shorter*, 1 Ga. 294, 295 (1846) (noting that the decedent "died intestate, leaving an estate of $100,000," and that it was not until later that the decedent's brother was appointed as administrator of the decedent's estate). See also, e.g., *McNamara v. McNamara*, 62 Ga. 200, 203 (1879) ("The facts are that [the decedent] died in New York, leaving a large estate, partly in New York and partly in Georgia and elsewhere . . . ."); *Drummond v. Hardaway*, 21 Ga. 433, 436 (1857) (explaining that "none of the heirs of the [decedent] wishes for an administration to be had on the [decedent's] estate, or is opposed to the heirs winding up the estate for themselves"). Numerous provisions of the Revised Probate Code of 1998 confirm that a decedent's estate exists independently of, and prior to, the appointment of an administrator. See, e.g., OCGA §§ 53-2-7 (d) ("Upon the appointment of an administrator, the right to the possession of the whole estate is in the administrator . . . . The administrator may *recover possession of any part of the estate* from the heirs at law or purchasers from them . . . ." (emphasis added)), 53-2-40 (a) (allowing any heir of an intestate decedent to "file a petition praying for an order that no administration is necessary"), (b) (requiring that the petition show, among other things, that "the estate owes no debt

. . . and that the heirs have agreed upon a division of the estate among themselves"), 53-3-5 (a) ("*Upon the death of any individual leaving an estate* solvent or insolvent, the surviving spouse . . . may file a petition for year's support in the probate court having jurisdiction over the decedent's estate." (emphasis added)). See also OCGA § 9-3-92 (referring to "[t]he time between the death of a person and the *commencement of representation upon his estate*" (emphasis added)). Thus, this claim is fatally flawed and provides no basis for reversal of the trial court's judgment.

3. Plaintiffs also contend that the trial court erred in dismissing the Estate's claims against DHS by erroneously failing to apply the "plain language" of OCGA § 9-3-92 to extend the ante litem notice period. However, this argument lacks merit.

As relevant here, OCGA § 9-3-92 says:

> The time between the death of a person and the commencement of representation upon his estate . . . shall not be counted against his estate in calculating any limitation applicable to the bringing of an action, provided that such time shall not exceed five years. At the expiration of the five years the limitation shall commence, even if the cause of action accrued after the person's death.

According to Plaintiffs, the GTCA's 12-month ante litem notice requirement fits the description of "any limitation applicable to the bringing of an action," and OCGA § 9-3-92 therefore requires that the time from the infant's death on October 21, 2021, to

9

Jennifer Walker's appointment as administrator of the infant's Estate on February 17, 2023, "not be counted against [the Estate] in calculating" whether the Estate timely sent its ante litem notice.

However, as the trial court correctly recognized, our Supreme Court has held that "the ante litem notice requirement of OCGA § 50-21-26 is not a statute of limitation," and therefore "the Code's statutory tolling provisions . . . do not apply to the [GTCA's] 12-month ante litem notice period." *Dep't of Pub. Safety v. Ragsdale*, 308 Ga. 210, 213 (839 SE2d 541) (2020). The Supreme Court reiterated this holding just a few months ago. See *Dates v. City of Atlanta*, 321 Ga. 696, 700 (2) (917 SE2d 52) (2025). Moreover, unlike OCGA § 50-21-27, which establishes the GTCA's two-year statute of limitation for bringing tort claims against the State, OCGA § 50-21-26, which establishes the GTCA's 12-month ante litem notice requirement, does not mention the "provisions relating to the tolling of limitations of actions, as provided elsewhere in this Code," OCGA § 50-21-27 (e), much less say that those tolling provisions apply to the GTCA's ante litem notice period. Thus, Plaintiffs' "plain language" argument notwithstanding, we hold that OCGA § 9-3-92 does not apply to the GTCA's 12-month ante litem notice requirement. It follows that the trial court did

not err in concluding that the Estate failed to provide timely pre-filing notice of its claims against DHS as required by the GTCA to waive the State's sovereign immunity. Accordingly, we affirm the trial court's judgment.

*Judgment affirmed. McFadden, P. J., and Hodges, J., concur.*